# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50591
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID GUERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-274-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Guerra pleaded guilty to conspiracy to distribute 100 grams or more of heroin; he was sentenced to 60 months of imprisonment and five years of supervised release. He reserved the right to appeal the district court's denial of his motion to suppress. Guerra contends that officers lacked reasonable suspicion or probable cause to conduct an investigatory stop and search his vehicle. He specifically avers that the vehicular search violated the holding in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50591

*Arizona v. Gant*, 556 U.S. 332, 339 (2009).  Guerra also complains that the district court abused its discretion when it denied his request for an evidentiary hearing on his motion to suppress.

In reviewing the denial of a suppression motion, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005).  Factual findings, including credibility determinations, are not clearly erroneous so long as the findings are plausible in light of the record as a whole.  *United States v. Montes*, 602 F.3d 381, 384 (5th Cir. 2010).  In making its determination, this court considers the evidence in the light most favorable to the prevailing party. *United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008).

"An officer may, consistent with the Fourth Amendment, conduct a brief investigatory stop when the officer has a reasonable articulable suspicion that criminal activity is afoot." *United States v. Jordan*, 232 F.3d 447, 448 (5th Cir. 2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).  Reasonable suspicion is measured in light of the totality of the circumstances and must be supported by particular, articulable, and objective facts.  *United States. Arvizu*, 534 U.S. 266, 273 (2002); *United States v. Michelletti*, 13 F.3d 838, 840 (5th Cir. 1994) (en banc).

Guerra fails to demonstrate that officers lacked reasonable suspicion to stop him.  Acting on a tip from a confidential source, detectives observed a man and a woman participate in suspected narcotics transactions on several occasions.  They witnessed these individuals engage in similar behavior with the passenger of a vehicle driven by Guerra.  Detectives followed Guerra's car to another location, where the passenger put an unknown object in the trunk, while a nervous Guerra watched the activity.  Considering the totality of the

No. 14-50591

circumstances, officers had reasonable suspicion to stop and question Guerra. *See Michelletti*, 13 F.3d at 840.

Warrantless searches are per se unreasonable under the Fourth Amendment, subject to a few specific exceptions. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Because the court is asked to consider a warrantless search and seizure, the Government has the burden of proving, by a preponderance of the evidence, that the search and seizure were constitutional. *See United States v. McKinnon*, 681 F.3d 203, 207 (5th Cir. 2012). Whether there is probable cause to conduct a warrantless search is a mixed determination of law and fact and one this court reviews de novo. *United States v. Muniz-Melchor*, 894 F.2d 1430, 1439 n.9 (5th Cir. 1990); *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995). A determination of probable cause is also based on the totality of circumstances and must be predicated on more than a "bare suspicion." *United States v. Banuelos-Romero*, 597 F.3d 763, 767 (5th Cir. 2010).

When a police officer has made a lawful arrest of the occupant of an automobile, he may, under certain circumstances, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile. *See Gant*, 556 U.S. at 343. Police may search only the space within an arrestee's immediate control; a search of a vehicle incident to a warrantless arrest may not be made if the arrestee has been secured and cannot access the interior of the vehicle. *Id.* Officers may, however, conduct a search in that circumstance when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* (internal quotation marks and citation omitted); *see also United States v. Ned*, 637 F.3d 562, 567 (5th Cir. 2011)(explaining the automobile exception).

No. 14-50591

The officers had reason to believe that evidence relevant to an illegal narcotics transaction was in the vehicle. Surveillance had established an interaction between a passenger in Guerra's car and two individuals suspected of dealing narcotics. The police had continued surveillance on the vehicle. When the officer approached the men, Guerra pulled a white object out of his pants pocket and placed it in the car. When he looked inside the car, the officer observed a clear plastic baggie containing a white powdery substance, located on the center console. Considering the totality of the circumstances, and viewing the evidence in the light most favorable to the Government, the district court did not err in determining that officers had probable cause to believe that evidence related to criminal activity was in Guerra's vehicle. *See Gant*, 556 U.S. at 343; *Banuelos-Romero*, 597 F.3d at 767.

Finally, as to Guerra's claim regarding an evidentiary hearing, this court reviews a district court's denial of an evidentiary hearing on a suppression motion for abuse of discretion. *See United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). Suppression hearings are required "only when necessary to receive evidence on an issue of fact" and when a defendant has "allege[d] sufficient facts which, if proven, would justify relief." *Id*. "Factual allegations set forth in the defendant's motion, including any accompanying affidavits, must be sufficiently definite, specific, detailed, and non-conjectural, to enable the court to conclude that a substantial claim is presented." *Id*. (internal quotation marks and citation omitted). Guerra has not established that a hearing was necessary to receive evidence on any issue of fact and has failed to present sufficient facts which, if proven, would justify relief on his suppression motion. *See Harrelson*, 705 F.2d at 737. Therefore, the district court did not abuse its discretion when it denied Guerra's request for an evidentiary hearing. *See id*.

4

No. 14-50591

AFFIRMED.